IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARDO DUQUE,

             Plaintiff,                  No. CIV S-05-0183 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

             Defendant.             ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social

Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and

Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act

("Act"), respectively.  For the reasons discussed below, the court will deny plaintiff's motion for

summary judgment and the Commissioner's cross-motion for summary judgment, but will

remand for further proceedings.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated July 23, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe chronic lower back pain following lumbar laminectomy, but this impairment does not meet or medically equal a listed impairment; plaintiff's subjective complaints are credible only to the extent they are supported by the record evidence; prior to October 29, 2003, plaintiff could perform light work; plaintiff cannot perform his past relevant work; using grid rule 202.17, plaintiff was not disabled prior to October 29, 2003; and plaintiff became disabled on October 29, 2003.  Administrative Transcript

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

1  ("AT") 21-22.  Plaintiff contends the ALJ incorrectly determined the onset date of plaintiff's

2  disability and improperly discredited his subjective complaints.

3  II.  Standard of Review

4          The court reviews the Commissioner's decision to determine whether (1) it is

5  based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

6  record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

7  Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

8  Substantial evidence means more than a mere scintilla of evidence, but less than a

9  preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

10  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

11  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

12  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

13  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

14  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

15  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

16  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

17  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

18  substantial evidence supports the administrative findings, or if there is conflicting evidence

19  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

20  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

21  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

22  1335, 1338 (9th Cir. 1988).

23  III.  Analysis

24          A.  Onset of Disability

25          Plaintiff alleges his disability began on March 2, 2001.  AT 89.  Plaintiff

26  underwent back surgery on May 24, 2001.  AT 89, 177-178.  As noted, the ALJ found plaintiff

3

1  became disabled on October 29, 2003 but was not disabled prior to that date.  AT 22.  Plaintiff

2  challenges the basis of the ALJ's determination of the onset date.

3          The ALJ must assist the plaintiff in creating a complete record so that the onset

4  date of disability can be determined, rather than inferring a date that would result in a denial of

5  benefits.  Armstrong v. Comm'r of Social Security, 160 F.3d 587, 589-90 (9th Cir. 1998); SSR

6  83-20.  In finding plaintiff was disabled only as of October 29, 2003, the ALJ relied on the

7  assessments of plaintiff's treating physician, Dr. Millar, and a consultative examining

8  neurologist, Dr. Serrano.  AT 16, 279-281, 297-302.  Although Dr. Millar's assessment is dated

9  October 29, 2003, no onset date of disability is noted.  Cf. AT 279 (onset of diagnosis of disease

10  underlying disability indicated as May 2001).  Similarly, Dr. Serrano's consultative report, dated

11  April 18, 2004, addresses plaintiff's disability as of the date of the exam and provides no

12  retrospective analysis.  AT 301-302.  In concluding that these physician's reports supported a

13  finding that plaintiff was disabled only after October 29, 2003, the ALJ set forth a rather detailed

14  description of the medical reports and noted "[t]hroughout the treatment records prior to October

15  2003, the plaintiff's physical examination was essentially normal, the [plaintiff] did not report

16  any difficulties with radiating pain and he was managed conservatively with pain medications."

17  AT 18.

18          In reaching this conclusion, the ALJ glossed over or ignored significant contrary

19  evidence.  For instance, in discounting treating physician Dr. Reiser's opinion in February 2002

20  that plaintiff could not work a regular job, the ALJ ignored  a report of radiating pain in May

21  2001 as well as positive straight leg testing on October 29, 2001.  AT 193-197; see also AT 171,

22  198, 233.  In a medical report dated March 12, 2003, Dr. Millar indicated plaintiff was

23  permanently disabled with an onset date of 1997.[2]  AT 17, 46, 278, 287.  While acknowledging at

24  

25      [2]  The ALJ misconstrues these records to mean Dr. Millar thought plaintiff only
26  temporarily disabled.  The form indicating plaintiff was permanently disabled is dated the same

least two doctors considered plaintiff disabled enough during 2001 to receive disabled person's

placards, the ALJ appears to have ignored the significance of this factor in evaluating the onset

date of disability.  AT 18, 229, 237.  Although the ALJ noted Dr. Reiser's concerns about

prescribing narcotics, the ALJ failed to note the significant pain medications prescribed by Dr.

Reiser within a short period of time after Dr. Reiser temporarily declined to prescribe further

medications.  AT 18, 227, 230, 282, 283, 286, 287- 288, 290-291.  The ALJ also failed to

recognize that the opinions of the state agency physicians were prospective only and issued in

August and November 2001, within several months after plaintiff's surgery.  AT 18, 183-190,

191.  The ALJ also appears to have failed to take into account Dr. Millar's opinion that plaintiff's

disability was based on a failed surgery and that the surgery had taken place over two and a half

years prior to the date of onset determined by the ALJ.  AT 279.[3]

       Given the findings in the medical record, which appear to have been ignored by

the ALJ, and the lack of any medical opinion regarding the onset date of disability itself, further

evidence must be developed in this regard.  SSR 83-20;[4] see Morgan v. Sullivan, 945 F.2d 1079,

as plaintiff's visit with Dr. Millar in which an earlier form indicating temporary disability
apparently was discussed.

[3]  Dr. Millar notes a principle diagnosis including "failed back syndrome," which the
court understands to mean the same thing as "failed back surgery syndrome," indicating a  failure
of surgery to correct plaintiff's back problems.

[4]  Plaintiff's disability appears to be of a nontraumatic origin, although exacerbated by an
injury in May 2001.  AT 179, 181, 298.  SSR 83-20 provides in pertinent part:

    In disabilities of nontraumatic origin, the determination of onset
    involves consideration of the applicant's allegations, work history,
    if any, and the medical and other evidence concerning impairment
    severity.   The weight to be given any of the relevant evidence
    depends on the individual case. . . .  Medical reports containing
    descriptions of examinations or treatment of the individual are
    basic to the determination of the onset of disability.   The medical
    evidence serves as the primary element in the onset determination.
    . . .  With slowly progressive impairments, it is sometimes
    impossible to obtain medical evidence establishing the precise date
    an impairment became disabling. . . .   In such cases, it will be

1082-83 (9th Cir. 1991) (when medical evidence concerning the onset date is ambiguous, the

1082-83 (9th Cir. 1991) (when medical evidence concerning the onset date is ambiguous, the

ALJ must seek the assistance of a medical advisor); DeLorme v. Sullivan, 924 F.2d 841, 848 (9th

Cir. 1991) (stating that when "the medical evidence is not definite concerning the onset date and

medical inferences need to be made, SSR 83-20 requires the administrative law judge to call

upon the services of a medical advisor").

B.  Credibility

Plaintiff also contends the ALJ improperly assessed his credibility and that of his

wife.  The ALJ determines whether a disability applicant is credible, and the court defers to the

ALJ's discretion if the ALJ used the proper process and provided proper reasons.  See, e.g.,

Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995).  If credibility is critical, the ALJ must make

an explicit credibility finding.  Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad

v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be

supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first

consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:

> necessary to infer the onset date from the medical and other
> evidence that describe the history and symptomatology of the
> disease process. . . .  In some cases, it may be possible, based on
> the medical evidence to reasonably infer that the onset of a
> disabling impairment(s) occurred some time prior to the date of the
> first recorded medical examination, e.g., the date the claimant
> stopped working.  How long the disease may be determined to
> have existed at a disabling level of severity depends on an
> informed judgment of the facts in the particular case.   This
> judgment, however, must have a legitimate medical basis.   At the
> hearing, the administrative law judge (ALJ) should call on the
> services of a medical advisor when onset must be inferred.

1    (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

2    testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

3    prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

4    1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

5    55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity

6    and effect of symptoms, and inconsistencies between testimony and conduct also may be

7    relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

8    to seek treatment for an allegedly debilitating medical problem may be a valid consideration by

9    the ALJ in determining whether the alleged associated pain is not a significant nonexertional

10   impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).   The ALJ

11   may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453,

12   1458 (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900

13   F.2d 172, 177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is

14   malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear

15   and convincing."  Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.

16   1999).

17        As discussed above, the ALJ ignored significant clinical findings, which in fact

18   supported plaintiff's complaints.  The ALJ also misstated the record when indicating plaintiff's

19   pain was treated conservatively.  AT 20.  In fact, plaintiff's pain was so severe that he underwent

20   a diskectomy, neural foraminotomy and partial laminectomy.  AT 177-178.  As opined by

21   plaintiff's treating physician, this surgery failed in eliminating plaintiff's pain.  AT 279.  In light

22   of the serious misstatement of the medical record, the court cannot find the ALJ's credibility

23   determination was based on permissible grounds.

24        The remaining question is whether to remand this case to the ALJ or to order the

25   payment of benefits.  "The decision whether to remand the case for additional evidence or simply

26   to award benefits is within the discretion of the court."  Stone v. Heckler, 761 F.2d 530, 533 (9th

7

Cir. 1985).  In this case, there remains the question of the date of onset of plaintiff's disability, which will require the assistance of a medical advisor.

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment is denied;

2.  The Commissioner's cross-motion for summary judgment is denied; and

3.  This matter is remanded for further proceedings consistent with this order.

DATED:  September 27, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
duque.ss.rem

8