IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LEONARDO DUQUE,

    Plaintiff,                    No. CIV 05-183 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,        ORDER

    Defendant.

_____/

        Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney's fees in the amount of $11,103.00[1] for 36.3 hours of professional time devoted to the representation of plaintiff before this court. Counsel concedes that this amount should be offset in the amount of $4,500.00 by fees previously awarded under EAJA.

/////

---

[1] In the moving papers, plaintiff sought $13,153.30, erroneously calculating this amount on the total gross past due benefits paid to plaintiff through May 2007, the date of the favorable decision at the administrative level after remand from the district court for further development of the record. In the reply, plaintiff's counsel conceded that an amended amount of $11,103.00 was appropriate in that it represents 25 percent of gross past due benefits for the period from September 1, 2001 to August 31, 2006, the month prior to the court's decision remanding this matter. See 20 C.F.R. § 404.1703; Chandler v. Sec'y Dep't HHS, 792 F.2d 70, 71-72 (6th Cir. 1986).

1

42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Rather than being paid by the government, fees under the Social Security Act are awarded out of the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001). However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807.

Counsel seeks fees for 36.3 hours. Based on the quality of counsel's representation and the results achieved in this case, the undersigned finds the amount of hours expended to be reasonable. The hourly rate of $305.86 also is reasonable. Accordingly, the undersigned will award the attorney's fees requested in the amended amount.

Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded $11,103.00 in attorney's fees under 28 U.S.C. § 406, to be offset in the amount of $4,500.00 previously awarded under EAJA.

DATED: September 29, 2008.

_____
U.S. MAGISTRATE JUDGE

006
duque.fee